UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 13-10199-GAO |
| | ) | |
| 2. SIMON ABOU RAAD, | ) | |
| Defendant. | ) | |

## **UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 981, 28 U.S.C. § 2461 and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1. On June 26, 2013, the United States Attorney for the District of Massachusetts filed a seventeen-count Information charging defendant Simon Abou Raad (the "Defendant"), and another, with Mail Fraud and Honest Services Mail Fraud, in violation of 18 U.S.C. §§ 1341, 1346 and 2 (Counts One through Sixteen); and Conspiracy to Commit Extortion by Fear and Under Color of Official Right, in violation of 18 U.S.C. § 1951 (Count Seventeen).

2. The Information also contained forfeiture allegations, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 1951 as alleged in Counts One through Seventeen of the Information, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses.

3. The Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

4. On September 12, 2013, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Seventeen of the Information, pursuant to a written plea agreement that he signed on June 21, 2013. *See* Docket No. 31. In Section 11 of the plea agreement, the Defendant agreed that the government would, upon acceptance of his guilty plea, enter an order of forfeiture as part of Defendant's sentence. The Defendant further agreed that the assets to be forfeited specifically included (i) $346,000 in United States currency seized from Defendant's residence on March 11, 2013 (the "$346,000"); and (ii) $14,000 in lieu of one BMW 535i xDrive Sedan bearing vehicle identification number WBABFU7C57DDU67491 (the "BMW Funds"). The Defendant admitted that the $346,000 and the BMW Funds are subject to forfeiture on the grounds that they constitute proceeds traceable to the commission of the offenses charged in Counts One through Sixteen of the Information. *Id.*, at pp. 8, 9. The Defendant therefore consented to the forfeiture of all of his interests in the $346,000 and the BMW Funds.

5. On or around September 29, 2013, the Defendant provided to the United States Attorney's Office a bank check in the amount of $14,000 made payable to the United States Marshals Service for forfeiture in lieu of the BMW (the "BMW Funds").

6. In light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the $346,000 and the BMW Funds and the offenses to which the Defendant pled guilty. Accordingly, the $346,000 and the BMW Funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461.

7. Pursuant to 18 U.S.C. § 981, 28 U.S.C. § 2461 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the $346,000 and the BMW Funds.

8. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C. § 981, 28 U.S.C. § 2461 and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the $346,000 and the BMW Funds, and notice that any person, other than the Defendant, having or claiming a legal interest in the $346,000 or the BMW Funds must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

9. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the $346,000 and the BMW Funds, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's

right, title or interest in the forfeited $346,000 and the BMW Funds and any additional facts supporting the petitioner's claim and the relief sought.

10. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the $346,000 and the BMW Funds that are the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(c) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: /s/ Mary B. Murrane
S. THEODORE MERRITT
ROBERT A. FISHER
MARY B. MURRANE
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Dated: November 1, 2013                (617) 748-3100

## **CERTIFICATE OF SERVICE**

       I hereby certify that the foregoing Motion for Preliminary Order of Forfeiture, as well as the proposed Preliminary Order of Forfeiture, were filed through the Electronic Case Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                 */s/ Mary B. Murrane*
                                                 MARY B. MURRANE
Dated: November 1, 2013                      Assistant United States Attorney