UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 13-10199-GAO |
| | ) | |
| 2.  SIMON ABOU RAAD, | ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER OF FORFEITURE

**O'TOOLE, D.J.**

WHEREAS, On June 26, 2013, the United States Attorney for the District of Massachusetts filed a seventeen-count Information charging defendant Simon Abou Raad (the "Defendant") with Mail Fraud and Honest Services Mail Fraud, in violation of 18 U.S.C. §§ 1341, 1346 and 2 (Counts One through Sixteen); and Conspiracy to Commit Extortion by Fear and Under Color of Official Right, in violation of 18 U.S.C. § 1951 (Count Seventeen);

WHEREAS, the Information also contained forfeiture allegations, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 1951 as alleged in Counts One through Seventeen of the Information, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has

1

been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, on September 12, 2013, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Seventeen of the Information, pursuant to a written plea agreement that he signed on June 21, 2013;

WHEREAS, in Section 11 of the plea agreement, the Defendant agreed that the government would, upon acceptance of his guilty plea, enter an order of forfeiture as part of Defendant's sentence;

WHEREAS, the Defendant further agreed in his plea agreement that the assets to be forfeited specifically included, (i) $346,000 in United States currency seized from Defendant's residence on March 11, 2013 (the "$346,000"); and (ii) $14,000 in lieu of one BMW 535i xDrive Sedan bearing vehicle identification number WBABFU7C57DDU67491 (the "BMW Funds");

WHEREAS, the Defendant admitted that the $346,000 and the BMW Funds are subject to forfeiture on the grounds that they constitute proceeds traceable to the commission of the offenses charged in Counts One through Sixteen of the Information;

WHEREAS, the Defendant, therefore, consented to the forfeiture of all of his interests in the $346,000 and the BMW Funds;

WHEREAS, on or around September 29, 2013, the Defendant provided to the United States Attorney's Office a bank check in the amount of $14,000 made payable to the United States Marshals Service for forfeiture in lieu of the BMW which constitute the BMW Funds; and

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the $346,000 and the BMW Funds and

the offenses to which the Defendant pled guilty, and accordingly, the $346,000 and the BMW Funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981, 28 U.S.C. § 2461.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the government has established the requisite nexus between the $346,000 and the BMW Funds and the offenses to which the Defendant pled guilty.

2. Accordingly, all of the Defendant's interests in the $346,000 and the BMW Funds are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461.

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the $346,000 and the BMW Funds and maintain them in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the $346,000 and the BMW Funds.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461, the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the $346,000 and the BMW Funds to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461, the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the $346,000 and the BMW Funds, shall, within sixty (60)

days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the $346,000 and the BMW Funds; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the $346,000 and the BMW Funds, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the $346,000 and the BMW Funds, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461, following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the $346,000 and the BMW Funds.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 981, 28 U.S.C. § 2461 and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

Dated: _____

_____
GEORGE A. O'TOOLE, JR.
United States District Judge